**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PRESTON JEROME TAYLOR,              )
                                   )
    Petitioner,                     )
                                   )
v.                                 )    CIVIL ACTION: 24-478-JB-MU
                                   )
KENNETH PETERS,[1]                 )
                                   )
    Respondent.                     )

## REPORT AND RECOMMENDATION

Preston Jerome Taylor, an Alabama state prison inmate in the custody of Respondent and who is proceeding *pro se*, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 9).[2] Also pending before the Court is Petitioner's Motion for Federal Hearing. (Doc. 12). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. In the instant petition, Taylor once again seeks to challenge his April 3, 2019,

---

[1] The Alabama Department of Corrections website shows Taylor is currently housed at Fountain Correctional Facility. Therefore, the current warden at Fountain Correctional Facility, Kenneth Peters, has been substituted as respondent.

[2] Taylor's initial filing was transferred to this Court from the Eleventh Circuit Court of Appeals. (Docs. 1-1, 1-2). After reviewing the petition and taking note of Taylor's prior proceedings, the undersigned was unsure whether the petition was intended to be a new habeas petition or whether Taylor was attempting to file a motion out of time with the Eleventh Circuit on his appeal of an earlier § 2254 petition. (*See* Doc. 3). Taylor was instructed to either show cause why his petition should not be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition or to communicate that his filing was intended as a motion to the Eleventh Circuit regarding his earlier § 2254 petition. (*Id.*). In response, Taylor filed a motion for leave to proceed in forma pauperis and a § 2254 petition, both on this Court's forms, indicating to the undersigned his desire to proceed with a second § 2254 petition. (Docs. 7, 9). Taylor provided no response explaining why his petition should not be dismissed for lack of jurisdiction as an unauthorized second or successive petition.

conviction for burglary in the second degree and attempting to elude a law enforcement officer. (Doc. 9, PageID.53). *See also Taylor v. Oliver*, No. CV 21-0093-CG-MU, 2022 WL 2705246, at *1 (S.D. Ala. July 12, 2022). Having carefully considered Taylor's petition and the records of this Court,[3] the undersigned **RECOMMENDS** that Taylor's habeas corpus petition be **DISMISSED without prejudice** for lack of jurisdiction due to Taylor's failure to comply with 28 U.S.C. § 2244(b)(3)(A) and accordingly recommends Petitioner's Motion for Hearing be denied as **MOOT**.

## BACKGROUND

As reflected above, Taylor was convicted, after trial by jury, for burglary in the second degree and attempting to elude a law enforcement officer. (Doc. 9, PageID.53). *See also Taylor v. Oliver*, No. CV 21-93-CG-MU, 2022 WL 2705246, at *1 (S.D. Ala. July 12, 2022). Petitioner was sentenced to twenty years, which was split to serve three years followed by three years of formal probation, which has now been revoked. (*Id*.). The Alabama Court of Criminal Appeals found the State had presented sufficient evidence from which the jury could conclude Petitioner was guilty of burglary in the second degree and attempting to elude a law enforcement officer, and the remaining issues raised by Petitioner were not preserved for review on appeal. *Taylor*, 2022 WL 2705246, at *1. Petitioner filed a petition for writ of certiorari on April 18, 2020, which was stricken as untimely by the Supreme Court of Alabama on May 8, 2020. (*Id*.)

---

[3] The Court takes judicial notice of court documents from *Taylor v. Oliver*, No. CV 21-0093-CG-MU, (S.D. Ala. July 12, 2022) because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Taylor, proceeding *pro se*, filed a federal habeas petition with this Court on February 16, 2021, and an amended petition on May 26, 2021. *Taylor v. Oliver*, No. CV 21-93-CG-MU, 2022 WL 2705246 (S.D. Ala. July 12, 2022). Taylor asserted the following grounds for relief:

> Ground One: the prosecution withheld exculpatory evidence, specifically, body camera footage from the officer who had initial contact with Petitioner, which was not "made available to the court" and that "could exonerate" Petitioner and "clears [him] of most of [the] allegations";
>
> Ground Two: the jury was allowed to leave through the front door of the courtroom "in the same direction as the alleged victim and arresting officer";
>
> Ground Three: "The Mobile County Metro Jail does not have a full law library", and Petitioner's counsel was ineffective because he would not give Petitioner "all the paperwork [he] asked for including the penal code on burglary in its entirety, the full statute of limitations with its exceptions or the point system sentencing guidelines, stating that he 'quote did not have time' and the 'evidence and witnesses were subpoenaed [that] weren't available at trial' "; and
>
> Ground Four: Petitioner was denied his right to appeal when his counsel filed an *Anders* ("no-merit") brief without Petitioner's permission, and "the injustices of [his] trial and conviction have been ignored by various courts".

*Taylor*, 2022 WL 2705246, at *2. The District Judge denied and dismissed the habeas petition with prejudice and entered judgment in favor of the respondent on July 12, 2022, finding that Taylor failed to exhaust his state court remedies and his claims were procedurally defaulted. (*Id.*). Taylor filed a motion for a certificate of appealability and to appeal *in forma pauperis*, which the District Judge denied August 9, 2022. (*Id.* at Doc. 38). Taylor filed a notice of appeal, which was dismissed by the Eleventh Circuit Court of Appeals for failure to prosecute on December 13, 2022. (*Id.* at Doc. 41).

On August 8, 2025, Taylor filed the instant petition in this Court again seeking federal habeas corpus relief from his 2019 conviction and sentence. (Doc. 9). For the reasons set forth below, the Court finds that Taylor's instant § 2254 habeas petition is due to be dismissed without prejudice for lack of jurisdiction because it is a successive petition and Taylor did not comply with 28 U.S.C. § 2244(b)(3)(A) prior to filing the petition.

### DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), "shall move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive" federal habeas petition. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *see also* Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton*, 549 U.S. at 153 (citations omitted).

"[T]he petitioner *first* must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (emphasis added); *see also Tompkins v. Sec'y, Dep't of Corr.,* 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of

4

jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); *Morales v. Fla. Dep't of Corr.,* 346 F. App'x 539, 540 (11th Cir. 2009) (per curiam) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The AEDPA does not define the phrase "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. *See id.* at 332-33; *Insignares v. Sec'y, Fla. Dep't of Corr.,* 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, 'both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.'") (quoting *Magwood*, 561 U.S. at 332-33). The Eleventh Circuit has explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." *Id.* at 1281; *see also Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

This Court's records reflect that Taylor previously filed a habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the same 2019 conviction and sentence that he seeks to challenge in the instant petition. *See Taylor v. Oliver*, No. CV 21-93-CG-MU, 2022 WL 2705246 (S.D. Ala. July 12, 2022). In *Taylor v. Oliver*, the

5

District Judge denied and dismissed the habeas petition with prejudice and entered judgment in favor of the respondent, finding that Taylor failed to exhaust his state court remedies and his claims were procedurally defaulted. (*Id.*).

The Court finds that Taylor's instant petition is a successive petition for the purposes of § 2244(b) because it challenges the same 2019 conviction and sentence that he previously challenged in this Court. As noted above, this Court denied Taylor's request for habeas relief in his first petition and dismissed it with prejudice; thus, that petition qualifies as a first petition for determining successor status under § 2244(b). *See Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Further, despite being ordered by the undersigned to show cause regarding his filing of a second or successive petition (*see* Doc. 3), Taylor did not present any evidence that he has sought, much less obtained, permission from the Eleventh Circuit Court of Appeals before filing the instant successive petition. Any argument that his actual innocence permits a second or successive federal habeas petition must be presented to the Eleventh Circuit for consideration. *See Jeremiah v. Terry*, 322 F. App'x 842 (11th Cir. 2009) (per curiam) (holding that petitioner was required to seek Eleventh Circuit's permission to file successive § 2254 petition raising claim of newly discovered evidence of actual innocence, so the district court properly dismissed for lack of jurisdiction); *Tompkins*, 557 F.3d at 1260 (stating that "the proper procedure" for a petitioner seeking "to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition" would be to "obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition").

6

Accordingly, the undersigned recommends that Taylor's present habeas petition be dismissed without prejudice for lack of jurisdiction based on Taylor's failure to comply with 28 U.S.C. § 2244(b)(3)(A).  *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); *Tompkins*, 557 F.3d at 1259.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'") (quoting *Slack*, 529 U.S. at 484).

In the instant action, Taylor has not demonstrated that he applied to and received

permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. *See Hill*, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Taylor should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Taylor's petition should be dismissed. As a result, Taylor is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

### CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Preston Jerome Taylor's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED without prejudice** for lack of jurisdiction due to Taylor's failure to comply with 28 U.S.C. § 2244(b)(3)(A) and accordingly recommends Petitioner's Motion for Hearing be denied as **MOOT**. The undersigned also submits that Taylor is not entitled to a certificate of appealability and is further not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **10th** day of **April, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**